GROLIER, INC. *v.* CITY OF DANBURY ET AL.
(AC 23988)

Foti, McLachlan and Freedman, Js.

Argued January 12—officially released March 16, 2004

*Laszlo L. Pinter,* assistant corporation counsel, for the appellants (defendants).

*Steven R. Humphrey,* with whom was *John F. X. Peloso, Jr.,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this tax appeal, the defendant city of Danbury[1] appeals from the judgment of the trial court, claiming that the court's determination of the fair mar-

---

[1] Also named as defendants were Catherine Skurat and Colleen Velez, the tax collector and tax assessor, respectively, of the city of Danbury. For convenience, we refer in this opinion to the city of Danbury as the defendant.

ket value of certain of the plaintiff's real property is clearly erroneous. We affirm.

This tax appeal involves improved real property owned by the plaintiff, Grolier, Inc., and located at 8-24 Old Sherman Turnpike in Danbury. The property was valued at $17,662,600 on the October 1, 1999 grand list. The plaintiff's challenge to that valuation was denied by the Danbury board of assessment appeals. Pursuant to General Statutes § 12-117a, the plaintiff filed an appeal with the Superior Court.

At trial, both parties presented expert testimony as to proper valuation of the property. The plaintiff's expert calculated the property's value to be $12 million. The defendant's expert calculated the property's value at $15.1 million, which was $2,562,600 less than the challenged assessment. By memorandum of decision, the court found the value of the property to be $13,550,000 and rendered judgment accordingly. This appeal ensued.

We review a court's determination in a tax appeal pursuant to the clearly erroneous standard of review. "Under this deferential standard, [w]e do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *United Technologies Corp.* v. *East Windsor*, 262 Conn. 11, 23, 807 A.2d 955 (2002).

The defendant's appeal is an amalgamation of various claims whose common denominator is the lack of any factual or legal basis. The defendant first claims that the court improperly concluded that the plaintiff had met its initial burden in this tax appeal. It is the taxpayer who bears the burden of establishing an overassessment. *Ireland* v. *Wethersfield*, 242 Conn. 550, 557, 698 A.2d 888 (1997). That burden, however, was met by the defendant in the present case. The defendant's own expert witness conceded overvaluation when he testified that the value of the property was $2,562,600 *less* than the challenged assessment. In addition, the plaintiff presented expert testimony as to value that the court deemed credible. There is no merit to the defendant's claim that the plaintiff failed to satisfy its burden.

Likewise, the defendant's assertion that the court based its finding on speculative grounds and conjecture is untenable. The defendant presents no factual support for that allegation.[2] In contrast, the record reveals that the court was presented with testimony from multiple experts and three Grolier employees with knowledge of the property's physical condition. The court also reviewed two detailed appraisal reports. It is basic to our jurisprudence that credibility determinations are within the exclusive province of the trier of fact. *Smith* v. *Smith*, 183 Conn. 121, 123, 438 A.2d 842 (1981). "Because a tax appeal is heard de novo, a trial court judge is privileged to adopt whatever testimony he reasonably believes to be credible." (Internal quotation marks omitted.) *Sears, Roebuck & Co.* v. *Board of Tax Review*, 241 Conn. 749, 755–56, 699 A.2d 81 (1997). As we have been presented with not a scintilla of support for the claim that the court based its finding on conjecture, that claim must fail.

---

[2] Although the defendant assails a "cryptic footnote" in the court's memorandum of decision and insists that it "begs for explanation," the defendant failed to seek an articulation, as provided for in Practice Book § 66-5.

The defendant also claims that the court improperly restricted the scope of its expert's testimony, improperly admitted expert testimony outside the range of the witness' expertise and gave no weight to the issue of the plaintiff's purposeful neglect of the property. Those claims merit little discussion. The court has wide discretion in ruling on the admissibility of expert testimony. *Hayes* v. *Decker*, 263 Conn. 677, 683, 822 A.2d 228 (2003). We have reviewed the record and find ample support for the court's determinations. In addition, no facts were presented indicating that the plaintiff purposefully had neglected the property, nor was any authority presented that, if it had, that should affect the assessed value. It appears that the defendant has misinterpreted the court's silence as to the alleged purposeful neglect. We view that silence not as a reflection of the inattentiveness of the court, but rather the vacuousness of the claim.

We afford wide discretion to the court's determination of the value of property in a property tax appeal. *Carol Management Corp.* v. *Board of Tax Review*, 228 Conn. 23, 41, 633 A.2d 1368 (1993). When the court acts as the fact finder, it may accept or reject evidence regarding valuation as it deems appropriate. *First Bethel Associates* v. *Bethel*, 231 Conn. 731, 741, 651 A.2d 1279 (1995). The court in this case was presented with detailed expert and lay testimony, from which it reached a logical conclusion as to the value of the property. In light of our examination of the evidence in the record, we conclude that the judgment of the court was not clearly erroneous.

The judgment is affirmed.