# RADHA R. M. NARUMANCHI *v.* JOHN DESTEFANO, JR., ET AL.
## (AC 25505)

DiPentima, McLachlan and Foti, Js.

Argued March 28—officially released June 28, 2005

*Radha R. M. Narumanchi,* pro se, the appellant (plaintiff).

*Audrey C. Kramer,* assistant corporation counsel, for the appellees (defendants).

*Opinion*

DiPENTIMA, J. The pro se plaintiff, Radha R. M. Narumanchi, appeals from the judgment of the trial court dismissing his tax appeal. In addition to several claims of evidentiary error, the plaintiff alleges a violation of his due process rights. We affirm the judgment of the trial court.

This appeal involves real property owned by the plaintiff and located at 657 Middletown Avenue in New Haven. The property was valued at $135,900 on the October 1, 2001 grand list. The plaintiff challenged that valuation before the board of assessment appeals (board)[1] of the defendant city of New Haven, which denied the appeal.

Pursuant to General Statutes §§ 12-117a and 12-119,[2] the plaintiff filed an appeal with the Superior Court. At trial, the pro se plaintiff testified as to the valuation of his property, while the defendants presented the expert testimony of city assessor Terence G. Dinnean. Following the close of evidence, the court found that the plaintiff had not sustained his burden of establishing

---

[1] Named as defendants in the plaintiff's complaint were the city of New Haven, Robert L. D'Amato, the chairman of the board, and John DeStefano, Jr., who at all relevant times was the mayor of New Haven.

[2] At the conclusion of the plaintiff's evidence, the court granted the defendants' motion for a dismissal of the second count, which was related to General Statutes § 12-119, for failure to make out a prima facie case pursuant to Practice Book § 15-8.

overvaluation and, thus, dismissed the appeal. The plaintiff subsequently filed motions for reargument, for a new trial, for special findings of fact and to set aside or to open the judgment, which were denied, and this appeal ensued. Additional facts will be set forth as necessary.

I

The plaintiff first challenges the admissibility of Dinnean's expert testimony. The standard of review regarding a trial court's ruling on the admissibility of expert testimony is well established. "[T]he trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the ruling involves a clear misconception of the law, the trial court's decision will not be disturbed." (Internal quotation marks omitted.) *State* v. *Wargo*, 255 Conn. 113, 123, 763 A.2d 1 (2000).

An appeal pursuant to § 12-117a is a de novo proceeding in which the ultimate question is the ascertainment of the true and actual value of the taxpayer's property. *Xerox Corp.* v. *Board of Tax Review*, 240 Conn. 192, 204, 690 A.2d 389 (1997). "[T]he taxpayer bears the burden of establishing that the assessor has overassessed its property." Id. Expert testimony is often offered to establish valuation of property. See, e.g., *Grolier, Inc.* v. *Danbury*, 82 Conn. App. 77, 78, 842 A.2d 621 (2004).

When Dinnean was called to testify, the plaintiff immediately objected. He stated: "I am objecting to the introduction of an expert at this time because of the short notice. I believe that the notice required is two weeks, and I have received this information only less than forty-eight hours ago." Acknowledging that he had not raised this objection during a pretrial discussion earlier in the morning, the plaintiff asserted that counsel for the defendants had assured him that she would

not call her expert. Counsel for the defendants denied making that representation and indicated that if the plaintiff needed additional time, she would have no objection. After listening to the parties, the court concluded: "We are going to go ahead. After we finish with him, if you feel that you need additional time to do whatever it is that you want to do, I will let you do it." Dinnean thereafter testified and was cross-examined by the plaintiff, at the conclusion of which the plaintiff moved to strike Dinnean's testimony as untruthful and not credible. The court denied that motion.

The plaintiff claims that he was prejudiced by the late disclosure of, and "ambush tactics" concerning, Dinnean's testimony. Practice Book § 13-4 (4) provides in relevant part: "[A]ny [party] expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . [I]f an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ." In this case, the court found neither undue prejudice, undue influence nor bad faith delay. Having reviewed the record and trial transcript, we cannot say that the court abused its discretion in permitting Dinnean to testify.

## II

The plaintiff next claims that the court abused its discretion by denying his request to have a report pre-

pared by his appraiser admitted into evidence. "[O]ur standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the [plaintiff] of substantial prejudice or injustice. . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Henry*, 72 Conn. App. 640, 662, 805 A.2d 823, cert. denied, 262 Conn. 917, 811 A.2d 1293 (2002). After the defendants rested, the plaintiff moved to admit a report prepared by Jeffrey M. Small, an appraiser who had not testified at trial. The court denied the motion, noting that the evidence had already concluded. The plaintiff was free to call Small as a witness during his presentation of the evidence. That he failed to do. Accordingly, the court did not abuse its discretion when it denied his request to have the report admitted after the close of evidence.

### III

The plaintiff also assails the court's ultimate determination that he had failed to establish overvaluation of his property. In three separate claims, he contends that the court ignored the evidence before it. We disagree.

Although an appeal pursuant to § 12-117a is a de novo proceeding, subsequent appellate review is not. Our review is far more limited. We review a court's determination in a tax appeal pursuant to the clearly erroneous standard of review. "Under this deferential standard, [w]e do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported. . . . A finding of fact is clearly erroneous when there is no evi-

dence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *United Technologies Corp.* v. *East Windsor*, 262 Conn. 11, 23, 807 A.2d 955 (2002).

The plaintiff first alleges that the court failed to accord proper weight to the evidence he introduced concerning comparable sales of two adjoining properties. Both properties were built in the same year and to similar specifications as that of the plaintiff. One property sold for $94,000 on July 22, 1998; the other sold for $106,000 on January 29, 1999. Testifying at trial on May 7, 2004, the plaintiff opined that his property was presently worth $116,000. The plaintiff stated that real estate values had increased "3 to 4 percent a year" from the time those properties sold to the present. When asked the basis of that evaluation, the plaintiff responded "because I read the Wall Street Journal on a regular basis and I know what is the normal percentage increases in the rates." By contrast, the city assessor testified that real estate values had increased almost 40 percent in the area of the subject property.

It is basic to our jurisprudence that credibility determinations are within the exclusive province of the court. See *Smith* v. *Smith*, 183 Conn. 121, 123, 438 A.2d 842 (1981). "Because a tax appeal is heard de novo, a trial court judge is privileged to adopt whatever testimony he reasonably believes to be credible." (Internal quotation marks omitted.) *Sears, Roebuck & Co.* v. *Board of Tax Review*, 241 Conn. 749, 755–56, 699 A.2d 81 (1997). Having heard the testimony of the plaintiff and his valuation methodology, the court was free to find it unpersuasive. Likewise, the court was equally free to credit the testimony of Dinnean.

The plaintiff next claims that the court ignored his testimony concerning three floods that occurred between 1978 and 1996, which allegedly rendered the first floor apartment on the property not rentable. A significant portion of the plaintiff's testimony addressed the utility of the first floor apartment. The plaintiff testified that, following the 1996 flood, he installed new carpeting and replaced the washer and dryer, as well as several kitchen appliances. The apartment also features a functioning bathroom. In addition, the plaintiff testified that his son uses the apartment for study purposes. Dinnean testified that in his opinion, the apartment was a rentable unit. In light of the foregoing, the court reasonably could have concluded that the apartment was indeed rentable.

The plaintiff's final claim of evidentiary error is that the court ignored evidence of assessments on other properties built in 1972 "with the same blueprints and to the same specifications." At trial, however, the plaintiff acknowledged that a sunroom containing approximately 500 square feet was added to his property. The plaintiff also admitted that he expanded his deck by an additional ninety-six feet. Thus, contrary to the plaintiff's assertion, the other properties were not identical to the subject property. Furthermore, Dinnean testified as to the sales of five comparable properties in the plaintiff's neighborhood that occurred in 2000 and 2001.[3] The assessor's field cards were also introduced, which provided a detailed description of each property. In its memorandum of decision, the court concluded that "[w]hen these properties are compared with the subject property . . . the assessment levied by the

---

[3] The sales were as follows: 228 Weybosset Street, sold on May 1, 2000, for $100,000; 228 Weybosset Street, sold on July 3, 2000, for $140,000; 33 Weybosset Street, sold on October 23, 2000, for $121,500; 641 Middletown Avenue, sold on December 12, 2000, for $127,000; and 41 Weybosset Street, sold on July 25, 2001, for $116,600. Dinnean testified that, unlike the other sales, the May 1, 2000 sale of 228 Weybosset Street was a foreclosure sale.

board is fully justified." After careful review of the entire record, we cannot say that the court's determination that the plaintiff failed to satisfy his burden of establishing overvaluation was clearly erroneous.

IV

The plaintiff's final claim alleges a denial of due process. He argues that following his appeal before the board, the board increased his assessment without affording him an opportunity to be heard. We decline to review that claim.

We first note that a discrepancy exists in the record as to the underlying proceedings. It is undisputed that the plaintiff received notice of an initial property assessment of $134,600 on the October 1, 2001 grand list. In his appellate brief and at oral argument, the plaintiff claims that *the board* subsequently increased the assessment following his appeal thereto. Yet paragraph eight of his complaint alleges that it was *the city assessor* who increased his assessment.[4] Indeed, paragraph nine of the complaint states that the board merely "*denied* [the] [p]laintiff's appeal and notified him so on April 19, 2002." (Emphasis added.) The court, in its memorandum of decision, found that "[t]he plaintiff appealed [from] the assessment to the board, which made no changes in the assessment." Nothing in the record contradicts that finding.[5]

---

[4] Paragraph eight provides: "Plaintiff wished to have his (the said) property assessment reviewed by Vision Appraisal Technology and accordingly appeared at a [h]earing on December 8, 2001. Lo and behold, instead of reducing the assessed value, the [c]ity [a]ssessor had notified the [p]laintiff on January 17, 2002, that it was revised upward to $95,130."

[5] The record includes a copy of a letter dated April 19, 2002, addressed to Jeffrey M. Small, who testified on behalf of the plaintiff before the board. The letter is authored by board chairman Robert L. D'Amato and is printed on board stationery. The letter is captioned "Re: Assessment Appeal Deliberation of . . . 657 Middletown Avenue . . . Owners Name: Narumanchi Radha Ramanna M." It provides in relevant part: "You are hereby notified that your appeal to [the board] for the 2001 Grand List has been denied." In his complaint, the plaintiff confirms receipt of said notice of April 19, 2002.

Furthermore, the court's decision is silent as to that claim. As our Supreme Court has stated, "we will not address issues not decided by the trial court." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998); see also *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims neither addressed nor decided by trial court not properly before reviewing court). Although the plaintiff filed numerous postjudgment motions, not one among them referenced a due process violation. When a trial court has not ruled on an issue before it, the appellant must file a motion for an articulation or rectification asking the court to rule on that matter. *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, supra, 53; see generally Practice Book § 66-5.

Speculation and conjecture have no place in appellate review. As we have often observed: "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claim] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608–609, 710 A.2d 190 (1998). It is axiomatic that the appellant must provide this court with an adequate record for review. See Practice Book § 61-10. Because the plaintiff failed to satisfy that burden, we decline to review his claim.

The judgment is affirmed.

In this opinion the other judges concurred.