JOHN P. NOLAN ET AL. *v.* CITY OF MILFORD
(AC 26364)

Flynn, McLachlan and Dupont, Js.

Argued October 17—officially released December 13, 2005

*Louis J. Bonsangue,* with whom, on the brief, was *Max Stuart Case,* for the appellants (plaintiffs).

*Matthew B. Woods,* with whom, on the brief, was *Cynthia C. Anger,* assistant city attorney, for the appellee (defendant).

*Opinion*

FLYNN, J. The plaintiffs, John P. Nolan and Laurel Dixon-Nolan, appeal from the judgment of the trial court determining that the defendant, the city of Milford (city) overvalued their improved residence and land on Point Lookout and reducing their assessment from $2,546,700 to $2,066,880. On appeal, the plaintiffs claim: (1) the court improperly considered the city assessor's testimony, which was biased; (2) the defendant's appraisal report should not have been considered by the court because it did not comply with the uniform standards of professional appraiser practice; (3) the assessor's comparable land sales were unreliable according to the evidence and, therefore, should not have been considered; (4) the city's valuation relied on

a mass appraisal and was unreliable and affected the assessor's assessment; and, finally, (5) the court improperly failed to reduce the fair market value of their property for assessment purposes to $1,747,000.

The court has wide discretion in the admission of evidence and in determining what weight to give any such evidence. See *State* v. *Berger*, 249 Conn. 218, 229, 733 A.2d 156 (1999); *Gallo-Mure* v. *Tomchik*, 78 Conn. App. 699, 715, 829 A.2d 8 (2003). "We review a court's determination in a tax appeal pursuant to the clearly erroneous standard of review. Under this deferential standard, [w]e do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Grolier, Inc.* v. *Danbury*, 82 Conn. App. 77, 78, 842 A.2d 621 (2004).

The plaintiffs repeatedly conceded during oral argument that the court did not improperly admit into evidence the appraiser's report and testimony, but maintain that the court should not have considered it. All of the plaintiffs' claims as to this evidence go to its weight, not to its admissibility.

A tax appeal brought pursuant to General Statutes § 12-117a is a de novo proceeding in which the court as trier of fact makes an independent judgment on the valuation of the real property and improvements without regard to the board of assessment review's prior determination on the same subject. See *Konover* v. *West*

*Hartford*, 242 Conn. 727, 735, 699 A.2d 158 (1997). If the court determines that the property was overvalued, it is empowered by § 12-117a to "exercise its equitable power to grant such relief as to justice and equity appertains . . . ." (Internal quotation marks omitted.) Id.

In an appeal from the decision of a board of assessment review concerning assessment lists, the trier of fact must arrive at its own conclusions as to the value of the taxpayer's property by weighing the opinion of the appraisers, the claims of the parties in light of all of the circumstances bearing on value and its own general knowledge of the elements, which establish value. *Newbury Commons Ltd. Partnership* v. *Stamford*, 226 Conn. 92, 105, 626 A.2d 1292 (1993). "A view of the subject matter in dispute may be taken by the court, in the exercise of a sound discretion, whenever it is necessary or important to a clearer understanding of the issues. . . . Information obtained through a visual observation of the locus in quo is just as much evidence as any other evidence in the case. . . . Evidence obtained by visual inspection is not subject to appellate review. . . . Conclusions based on such evidence are entitled to great weight on appeal . . . and are subject to review only for clear error." (Internal quotation marks omitted.) *Beneduci* v. *Valadares*, 73 Conn. App. 795, 801, 812 A.2d 41 (2002). Although we are not in a position to review the visual inspection of the property that was conducted by the court; see id.; the conclusions drawn from such inspection are reviewable under the clearly erroneous standard. See *Saphir* v. *Neustadt*, 177 Conn. 191, 199–200, 413 A.2d 843 (1979); *Castonguay* v. *Plourde*, 46 Conn. App. 251, 262, 699 A.2d 226, cert. denied, 243 Conn. 931, 701 A.2d 660 (1997).

We reject the plaintiffs' contentions that the court should not have considered the content of properly admitted appraisal reports and testimony of the city's appraiser. The court was required by binding precedent to consider the evidence it admitted. *Xerox* v. *Board*

It did so and determined what weight to give to the evidence, thereafter rendering judgment reducing the assessment by $479,820. We find nothing in the record to support the plaintiffs' claims that the court's decision was clearly erroneous in not granting a further reduction.

First, the court viewed the plaintiffs' premises. It found that the premises had been improved by a relatively new dwelling of 8000 square feet, high on a promontory at the end of a peninsula overlooking Long Island Sound with views of both sunrise and sunset. The plaintiffs paid $1,200,000 for the lot and the forty year old dwelling on it in 1993. Subsequently, they tore down the house when renovation was found impracticable, and they rebuilt. The court, in weighing the city's assessment, discounted some of the city's reasoning and justification of its assessment, resulting in a substantial reduction to the plaintiffs.

Significantly, the court noted that the assessor and the defendant's appraisers valued the improvements almost identically. There was a mere $27,480 difference in the two figures, which the court Solomonicly cut down the middle. As to the land value, the court noted that this left the plaintiff's suggested land value at $450,060. The court found this to be "significantly too low." It held that $769,940 was the appropriate value. We find nothing in the record to warrant a conclusion that the court's factual findings were clearly erroneous. They are supported by the underlying factual findings set forth in its memorandum of decision, and the subordinate facts are amply supported by the evidence and the court's own view of the premises and properties as comparable as any could be to this unique home and home site in Milford.

The judgment is affirmed.

In this opinion the other judges concurred.