******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# BENJAMIN M. ALAIMO *v.* MATTHEW J. ALAIMO
## (AC 38887)

Sheldon, Elgo and Stevens, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for breach of contract arising out of the defendant's breach of an alleged agreement of the parties. The matter was tried to the court, which rendered judgment in favor of the defendant, concluding that the plaintiff had failed to prove his claim by a fair preponderance of the evidence and that his claim was barred by both the statute of frauds and the relevant statute of limitations. On the plaintiff's appeal to this court, *held* that the record was inadequate to review the plaintiff's claims that the trial court erred in finding against him on the complaint and in favor of the defendant on his special defenses premised on the statute of limitations and the statute of frauds, as the plaintiff's arguments were based on allegations and claims beyond those alleged in the complaint that was the subject of the trial proceedings, and the plaintiff was limited to the allegations of the complaint and could not allege one cause of action and recover on another; moreover, even if those claims were raised in the complaint, the trial court did not file a written memorandum of decision explaining its ruling or sign a transcript of an oral ruling, nor did the plaintiff file a notice with the appellate clerk's office as required by the applicable rule of practice (§ 64-1), or a motion asking the trial court to articulate the factual and legal basis for its ruling, and even though the record contained excerpts from the trial transcript, this court could not readily identify any portion of the record that encompassed the trial court's factual findings necessary for the resolution of the plaintiff's claims.

Argued January 2—officially released February 20, 2018

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, small claims session, where the matter was transferred to the regular civil docket and tried to the court, *Wahla, J.*; judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed.*

*Benjamin M. Alaimo*, self-represented, the appellant (plaintiff).

*John M. Wyzik*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this action for damages based on breach of contract, the plaintiff, Benjamin M. Alaimo, appeals, following a bench trial, from the judgment rendered in favor of the defendant, Matthew J. Alaimo. The plaintiff claims that the trial court erred in finding against him on the complaint and in favor of the defendant on his special defenses premised on the statute of limitations and the statute of frauds. We affirm the judgment of the trial court.

This action was instituted in small claims court by the plaintiff and was removed to the regular docket of the Superior Court by the defendant. The plaintiff's complaint claimed that the defendant owed him $5000 plus costs as reimbursement for "fifty percent of Angeline Alaimo's mortgage payoff of $11,047.62." After a bench trial on December 15, 2015, and January 22, 2016, the court issued an oral decision in favor of the defendant and against the plaintiff. The court found that the plaintiff "failed to prove his claim by a fair preponderance of the evidence." The court also ruled in favor of the defendant on two of his special defenses, finding that the plaintiff's claims were barred by the statute of frauds and the statute of limitations.

On appeal, the plaintiff claims that the court erred because he proved that the defendant breached a contract involving the defendant's purchase of certain property from the plaintiff, causing the plaintiff to suffer a $30,000 loss. According to the plaintiff, this contract was in writing, satisfying the statute of frauds under General Statutes § 52-550. The plaintiff also argues that the small claims complaint was brought within six years of the breach of contract, satisfying the statute of limitations governing actions for breach of written contracts. See General Statutes § 52-576.

The plaintiff's arguments present two problems. First, the plaintiff's arguments appear to be based on allegations and claims beyond those of the small claims complaint that was the subject of the trial proceedings. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . A plaintiff may not allege one cause of action and recover upon another." (Citation omitted.) *Malone* v. *Steinberg*, 138 Conn. 718, 721, 89 A.2d 213 (1952); see also *Michalski* v. *Hinz*, 100 Conn. App. 389, 393, 918 A.2d 964 (2007). Second, even if the plaintiff had raised these claims in his complaint, the court did not file a written memorandum of decision explaining its ruling. It also did not prepare and sign a transcript of an oral ruling. The plaintiff did not file a notice pursuant to Practice Book § 64-1 with the appellate clerk's office, nor did he file a motion asking the court to articulate the factual and legal basis for its ruling. See Practice Book § 66-5. "It is axiomatic that the appellant must

provide this court with an adequate record for review. See Practice Book § 61-10." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). Although the record before us includes excerpts from the trial transcript, we cannot readily identify any portion that encompasses the court's factual findings necessary for the resolution of the plaintiff's claims. Under these circumstances, we conclude that the record is inadequate to review the plaintiff's claims of error. See *Michaels* v. *Michaels*, 163 Conn. App. 837, 845, 136 A.3d 1282 (2016); *Murcia* v. *Geyer*, 151 Conn. App. 227, 230, 93 A.3d 1189, cert. denied, 314 Conn. 917, 100 A.3d 406 (2014).

The judgment is affirmed.

————————————————