STATE OF CONNECTICUT *v.* MICHAEL L. FIORE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 508

Argued October 18, 1977—decided January 6, 1978

*Charles D. Gill,* for the appellant (defendant).

*Guy W. Wolf III,* assistant prosecuting attorney, for the appellee (state).

DAVID M. SHEA, J. This appeal raises the question of whether the trial court may impose any restrictions upon the eligibility of a prisoner for the "good time" credit established by General Statutes § 18-7a.[1]

The trial court placed in effect an earlier sentence of 360 days, the execution of which had been suspended while the defendant was committed to the custody of the commissioner of mental health and was sent to the Connecticut Valley Hospital for treatment in accordance with General Statutes

---

[1] General Statutes § 18-7a provides, in part, as follows: "Any person sentenced to a term of imprisonment, on and after October 1, 1976 and while still serving such sentence whether such sentence is for a definite, indefinite or indeterminate term, and regardless of the institution wherein the prisoner is confined may, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a commutation or diminution of his sentence .... Any act of misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such credit by the commissioner or his designee."

§ 19-498 (a).[2] After about four months of participation by the defendant in a program for treatment of drug addicts, the commissioner of mental health concluded that the defendant was not a fit subject for treatment and notified the court accordingly, pursuant to General Statutes § 19-499 (c).[3]

At the proceeding which followed, a witness from the hospital testified that the defendant's participation in the treatment program had been "markedly bad," that the defendant himself had requested to be sent back to court, and that he could not be expected to benefit from remaining at the hospital any longer. The trial court revoked the suspension of the original sentence, transferring custody of the defendant to the commissioner of correction for 360 days, less the actual time spent in the custody of the commissioner of mental health. The court declared that as a result of the defendant's poor behavior at the hospital he would not be entitled to any "good time" credit toward his sentence for the period of his stay at the hospital. This condition was written upon the information. The defendant

---

[2] General Statutes § 19-498 (a) provides, in part, as follows: "If the court by which a person has been convicted of a crime other than those arising under this chapter or those specified in section 19-501 finds that the convicted person is drug dependent and that his violation was for the primary purpose of sustaining his drug dependence or was because he was drug dependent, it may in addition to imposing the penalties provided for the crime of which he was convicted issue an order committing the convicted person to the commissioner of mental health for a period not less than ninety days nor more than twenty-four months and shall suspend execution of the sentence during the period of such commitment. If sentence has not been imposed, the court shall first proceed upon the conviction, impose sentence, order commitment to the commissioner of mental health and suspend execution of such sentence during the period of such commitment."

[3] General Statutes § 19-499 (c) provides as follows: "If the commissioner of mental health finds at any time that any drug-dependent person committed to his custody pursuant to sections 19-485 and 19-498 is not a fit subject for treatment, he shall notify the committing court and cause such person to be returned for such further proceedings as the court may deem appropriate."

has appealed from the judgment of the trial court with respect to the restriction placed upon his eligibility for "good time."

The state has gone beyond the view of the trial court that the defendant should not receive a credit for "good time" because he had behaved badly during the period spent at the hospital. The state claims also that there is no statutory authority for the award of "good time" to a person, such as the defendant, who has been sentenced to the custody of the commissioner of mental health under § 19-498 (a) and who is later returned to court under § 19-499 (c) as "not a fit subject for treatment," regardless of his actual behavior at the institution where he was confined.

The defendant urges that § 18-7a, which authorizes a commutation or diminution of sentence for "[a]ny person sentenced to a term of imprisonment . . . whether such sentence is for a definite, indefinite or indeterminate term, and regardless of the institution wherein the prisoner is confined," is applicable. We do not agree with the argument of the state that this statute would not apply to the defendant because he was not imprisoned but was held in the custody of the commissioner of mental health for drug addiction treatment. The statutory test is confinement "regardless of the institution wherein the prisoner is confined." General Statutes § 19-498 (e) provides that "[a] convicted person committed to the commissioner of mental health pursuant to this section shall be deemed to have been committed to a correctional institution during any period of hospitalization by the commissioner of mental health, and an unauthorized departure from the hospital shall be an escape within the terms of section 53a-169." The argument of the state, that the only purpose of this enactment was to subject persons in the custody of the commis-

sioner of mental health to the criminal penalties for escape if they left the hospital without permission, disregards entirely the broader language of the first clause of the statute which declares such hospitalization to be equivalent to incarceration. This provision is wholly inconsistent with the notion that "good time" eligibility depends upon the identity of the custodian, whether he be commissioner of mental health or the commissioner of correction. It supports our construction that § 18-7a is applicable where a person has been confined, regardless of where he is held.

With respect to the restriction placed upon the eligibility of the defendant for "good time," we can find no authority for such action by the trial court. The commutation or diminution of sentences has been deemed to be an administrative function properly reposed in the officers of the penal institution involved. *Glazier* v. *Reed,* 116 Conn. 136, 140. In imposing sentence the court was necessarily limited to a disposition sanctioned by General Statutes § 53a-28,[4] which sets forth the various sentences which can be imposed upon a person convicted of an offense. No provision is made for a sentence of confinement with a condition restricting the authority of the commissioner of correction to award "good time."

Furthermore, since the trial court was engaged in ordering the execution of a suspended sentence, despite the generality of the provision of § 19-499 (c) for the return of unsuccessful candidates for drug treatment to the committing court for "such further proceedings as the court may deem appropriate," the original sentence could not

---

[4] General Statutes § 53a-28 (a) provides as follows: "Except as provided in chapter 359, to the extent that such chapter is inconsistent herewith, every person convicted of an offense shall be sentenced in accordance with this title."

be increased by imposing a new condition which would effectively lengthen the period of confinement to be served.

There is error and the case is remanded with direction to correct the judgment by removing the restriction concerning the eligibility of the defendant for "good time" credit.

In this opinion A. HEALEY and PARSKEY, Js., concurred.