CARLTON JOLLEY *v.* COMMISSIONER OF
CORRECTION
(AC 19955)

Lavery, C. J., and Foti and Dupont, Js.

Submitted on briefs September 15—officially released October 31, 2000

*Carlton Jolley*, pro se, the appellant (petitioner), filed a brief.

*Richard Blumenthal*, attorney general, and *Richard T. Biggar*, assistant attorney general, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Carlton Jolley, appeals from the judgment rendered by the habeas court deny-

ing his petition seeking reinstatement of statutory good time credit.[1] We affirm the judgment of the habeas court.

A prison inmate can be deprived of his statutory good time credit only if he is offered procedural due process protection. See *Superintendent* v. *Hill*, 472 U.S. 445, 453, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff* v. *McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Thus, when a prison inmate is threatened with a loss of statutory good time credits, the inmate must receive (1) advanced written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present documentary evidence in his defense and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. See *Wolff* v. *McDonnell*, supra, 563–67.

Due process is satisfied if the prison disciplinary board shows some evidence that supports the revocation of good time credit. See *Superintendent* v. *Hill*, supra, 472 U.S. 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id., 455–56.

In this case, the disciplinary reports submitted against the petitioner accorded him the requisite procedural safeguards to satisfy his due process rights. Our review of the entire record leads us to conclude that the court properly reviewed the prison disciplinary board's decision that resulted in the petitioner's loss of 769 total days of statutory good time credit.

The judgment is affirmed.

[1] See General Statutes § 18-7a.