[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a pro se petition for a writ of habeas corpus brought by the petitioner, Brian K. Wright. Wright challenges six findings of guilty made in correctional disciplinary proceedings and seeks a restoration of the statutory good time credit he lost as a result of those proceedings. For reasons briefly stated below, the petition must be denied.
The petition was filed on February 26, 1998. The evidentiary proceeding occurred on October 13, 2000. Posttrial briefing was completed on February 28, 2001.
The Appellate Court has recently stated the law governing this case:
 A prison inmate can be deprived of his statutory good time credit only if he is offered procedural due process protection. See Superintendent v. Hill, 472 U.S. 445, 453 . . . (1985); Wolff v. McDonnell, 418 U.S. 539, 558 . . . (1974). Thus, when a prison inmate is threatened with a loss of statutory good time credits, the inmate must receive (1) advanced written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present documentary evidence in his defense and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. See Wolff v. McDonnell, supra, 563-67.
CT Page 3349
 Due process is satisfied if the prison disciplinary board shows some evidence that supports the revocation of good time credit. See Superintendent v. Hill,
supra, 472 U.S. 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id., 455-56.
Jolley v. Commissioner, 60 Conn. App. 560, 561, 760 A.2d 146 (2000).
Wright's contention is that the disciplinary offenses of which he has been convicted did not happen, at least not in the way that the correctional authorities have alleged. Under Jolley, the issue for this court is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." After a careful consideration of all of the evidence, the court concludes that this standard has been met with respect to each of the disciplinary convictions in question. At least some record evidence — including, in many instances, Wright's admissions in his testimony before this court — supports each disciplinary conviction.
Under these circumstances, the petition must be denied.
Jon C. Blue Judge of the Superior Court