ROBERT TORRES *v.* COMMISSIONER OF CORRECTION
(AC 23767)

Foti, Dranginis and DiPentima, Js.

___

Argued April 1—officially released July 20, 2004

*Erin K. Desmarais*, certified legal intern, with whom were *Todd D. Fernow* and, on the brief, *Robert Torres*, pro se, for the appellant (petitioner).

*Madeline A. Melchionne*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Henri Alexandre*, assistant attorney general, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Robert Torres, appeals from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that the respondent commissioner of correction met the evidentiary standard necessary to revoke the petitioner's ninety days of statutory good time credit. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the petitioner's appeal. On or about May 12, 1998, Cristobal Diaz, an inmate at the MacDougall-Walker Reception/Special Management Unit (MacDougall), was stabbed approximately twelve times. On May 19, 1998, the petitioner, also an inmate at MacDougall, received written notice of a disciplinary report alleging his involvement in the assault. An investigation led to

a determination that the attack was security risk group related,[1] and that the petitioner was involved as an accessory in the conspiracy to assault Diaz. The petitioner had distracted the unit officers while the assault took place. The report concluded that "by involving himself in this incident, inmate Torres has proven himself to be a threat to the safety and security of the staff and inmates at this facility."

The disciplinary investigation report indicated that the petitioner was informed of the process of the investigation and hearing. The petitioner requested and received the assistance of an advocate to investigate the incident and to prepare for the hearing. The petitioner provided the investigator with his version of the incident and requested that three inmate witnesses, including the victim of the attack, provide statements to the hearing officer on his behalf.

The disciplinary investigation report further indicated that "[t]hree confidential informants stated [to the investigator] that [the petitioner] was involved with the stabbing of [the victim]. One [confidential informant] stated that [the petitioner] conspired with [another inmate] before the stabbing on how, when and where it was to be done." The disciplinary report summary stated that the reliability of the confidential information used was determined to be "very good" and "very reliable." The report concluded that "[the petitioner] himself stated that he was talking to the officers during the suspected time of the stabbing [and his] distracting of the officers played a major role in the stabbing."

Following the hearing, the petitioner was found guilty of being a security risk group safety threat member. As a result of that finding, the petitioner lost, inter alia,

---

[1] A safety threat member is an inmate whose association with a security risk group, such as a gang, threatens the safety of the institution.

ninety days of statutory good time credit. The petitioner then filed this petition for a writ of habeas corpus. At the habeas trial, the petitioner asserted that there was no evidentiary basis to find that he intentionally had distracted the officers so that the assault could take place.

At the habeas trial, Luis Irizarry, the security risk group coordinator for the department of correction, testified regarding the use of confidential informants, stating that the reliability of an informant is determined "based on the information an inmate has provided in the past," by evaluating "how much information the inmate has provided, how good the information is and whether the information is credible." Irizarry further testified that he relies not just on one individual, but "attempt[s] to identify other sources, or several other confidential informants, to provide us the information which would verify what the other [confidential informant] has told us."

Irizarry testified that from the investigation into the assault, "it was determined that [the petitioner's] place in the incident was to distract the officers from being able to complete their duties. . . . [The petitioner] engaged them in conversation where they were not able to see the incident that took place. Also during the course of the investigation, several of the individuals who were interviewed identified [the petitioner] as being one of the authors of the hit that took place, the assault that was carried out on [the victim], and he was actually identified as giving the authority, with another inmate, for the assault to take place." Irizarry determined that the information regarding the petitioner's involvement in the attack was obtained from several reliable confidential informants.

Jeffrey Emanuel, the hearing officer who presided over the petitioner's disciplinary hearing, testified at

the habeas hearing that the standard on which he makes disciplinary decisions is an evaluation of the totality of the information before him. Further, in evaluating the evidence, Emanuel testified, he had a practice of determining the reliability of confidential information by first speaking with the individual in charge of the confidential informant database, then speaking with the individual who was given the confidential information. After determining whether the informants had given reliable information in the past, he would then proceed with the hearing. Emanuel determined that the confidential information provided regarding the petitioner's involvement in the assault was very reliable. Finally, Emanuel testified that he found the petitioner guilty on the basis of "the information in totality that was given to [him], the incident report package [and] the confidential information."

The court concluded that the petitioner's due process claim failed because the petitioner received advanced written notice of the disciplinary charges, had an opportunity to call witnesses and to present documentary evidence in his defense, and received a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. The petitioner filed a petition for certification to appeal from the habeas decision. It was granted, and this appeal followed. Additional facts will be set forth as necessary.

We first set forth the applicable standard of review. "When the conclusions of the habeas court are attacked on appeal, they are reviewed to determine whether they are legally and logically supported by the facts or involve an erroneous application of law materially relevant to the case." (Internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 80 Conn. App. 613, 614, 836 A.2d 471 (2003), cert. denied, 268 Conn. 907, 845 A.2d 412 (2004).

"A prison inmate can be deprived of his statutory good time credit only if he is offered procedural due process protection. See *Superintendent* v. *Hill,* 472 U.S. 445, 453, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff* v. *McDonnell,* 418 U.S. 539, 558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Thus, when a prison inmate is threatened with a loss of statutory good time credits, the inmate must receive (1) advanced written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present documentary evidence in his defense and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. See *Wolff* v. *McDonnell,* supra, 563–67." *Jolley* v. *Commissioner of Correction,* 60 Conn. App. 560, 561, 760 A.2d 146 (2000).[2]

Because of the unique requirements of prison security, "[t]he full panoply of rights due a defendant during a criminal trial are not available in a prison disciplinary hearing." *Taylor* v. *Rodriguez,* 238 F.3d 188, 192, 194 (2d Cir. 2000). As *Wolff* demonstrates, however, certain minimum requirements of procedural due process must be observed. Id. "Due process is satisfied if the prison disciplinary board shows some evidence that supports the revocation of good time credit. . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board."

[2] We note that the respondent initially claimed that there was no constitutional violation. He conceded at oral argument, however, that as a result of the classification in the security risk group, the petitioner lost some previously earned good time credit and that such a loss of time is a loss of a liberty interest. See *Santiago* v. *Commissioner of Correction,* 39 Conn. App. 674, 682, 667 A.2d 304 (1995); but see *Hickey* v. *Commissioner of Correction,* 82 Conn. App. 25, 28 n.3, 842 A.2d 606, cert. granted on other grounds, 269 Conn. 913, 852 A.2d 742 (2004).

(Citation omitted; emphasis added; internal quotation marks omitted.) *Jolley* v. *Commissioner of Correction,* supra, 60 Conn. App. 561. Moreover, "the some evidence standard may be met even where the only evidence was supplied by a confidential informant, as long as there has been some examination of indicia relevant to [the informant's] credibility." (Internal quotation marks omitted.) *Gaston* v. *Coughlin,* 249 F.3d 156, 163 (2d Cir. 2001).

The petitioner claims that the court improperly found that the department of correction satisfied the "some evidence" standard articulated in *Superintendent* v. *Hill,* supra, 472 U.S. 445, prior to revoking the petitioner's ninety days of good time credit. Specifically, the petitioner argues that the court entertained extrinsic evidence and reached an ultimate conclusion as to whether he had been involved in the assault, rather than conducting a limited inquiry into whether some evidence existed from which the hearing officer could make a determination at the disciplinary hearing. We are not persuaded by the petitioner's argument.

The petitioner relies on *Taylor* v. *Rodriguez,* supra, 238 F.3d 194, for the proposition that an independent credibility assessment of information provided by a confidential informant is necessary in order to ensure a fair hearing and discipline based on reliable evidence. He asserts that the respondent failed to investigate the statements of the confidential informants and consequently failed to satisfy the "some evidence" standard set forth in *Superintendent* v. *Hill,* supra, 472 U.S. 445. The record, however, does not support that claim.

Unlike the situation in *Taylor,* in the present case, an investigation into the incident did include "some examination of indicia relevant to [the] informant[s'] credibility." *Taylor* v. *Rodriguez,* supra, 238 F.3d 194. It is apparent from the record that both Emanuel and

Irizarry reviewed the statements of the confidential informants and followed a procedure to evaluate the reliability of the statements. Moreover, the multiplicity of the statements and the corroborating evidence substantiates the reliability of the information from the confidential informants. See id. We conclude that the court correctly determined that due process was met in this case and that some evidence existed to determine that the petitioner was guilty of the charge against him.

The petitioner also claims that the court improperly relied on hearsay testimony in making its determination. Specifically, the petitioner argues that (1) the testimony of Irizarry was hearsay in that it was based, in part, on an investigation and statements made by individuals other than himself, and (2) Irizarry testified about reports and a video that were not admitted into evidence. Because we agree with the habeas court that, on the basis of Emanuel's testimony and the disciplinary investigation report, there was in fact some evidence to support Emanuel's finding of guilt, we need not address those claims.

The judgment is affirmed.

In this opinion the other judges concurred.