# JERRY MITCHELL *v.* COMMISSIONER OF CORRECTION
## (AC 25491)

Lavery, C. J., and Bishop and Peters, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued September 20, 2005—officially released March 14, 2006

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (respondent).

*Opinion*

LAVERY, C. J. The petitioner, Jerry Mitchell, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. He claims that the respondent, the commissioner of correction, failed to aggregate his multiple sentences when calculating statutory good time credit, thereby forfeiting statutory good time credit, under General Statutes § 18-7, from his earlier sentences in violation of his constitutional rights to due process and equal protection. Because the petitioner has failed to furnish an adequate record for review, we affirm the judgment of the habeas court.

The parties stipulated to the following facts. The petitioner was sentenced to an indeterminate term of eighteen to thirty-six months incarceration on a conviction of burglary in the third degree (sentence one) on July 26, 1978. The respondent credited the petitioner 180 days of statutory good time on the eighteen month minimum and 360 days on the thirty-six month maxi-

mum of sentence one, and the petitioner was released on parole on October 25, 1979. On November 13, 1979, the petitioner was readmitted to the respondent's custody on new criminal charges and subsequently was convicted of assault in the second degree. The court sentenced the petitioner on April 25, 1980, to a term of four to eight years incarceration to serve (sentence two). As to that sentence, the respondent credited the petitioner 480 days of good time for the four year minimum and 1140 days of credit for the eight year maximum.

While serving sentence two, the petitioner was given a furlough from Gates Correctional Institution in late May or early June, 1983, and then was listed as "absent without leave . . . or escape from his furlough" on June 6, 1983. On June 27, 1983, the petitioner was readmitted to the respondent's custody and listed as "escapee returned with new charges"; he subsequently was convicted of felony murder for a crime committed on June 24, 1983.[1] On March 2, 1984, the petitioner was sentenced to forty years to serve (sentence three).[2]

Because sentence three was for a crime committed on June 24, 1983, the corresponding good time credit was calculated according to General Statutes § 18-7a (b).[3] As the court recounted, the petitioner "received

---

[1] In *State* v. *Mitchell*, 200 Conn. 323, 512 A.2d 140 (1986), our Supreme Court affirmed the petitioner's felony murder conviction.

[2] The petitioner's three sentences were concurrent.

[3] General Statutes § 18-7a (b) provides: "Except as provided in subsection (c), any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1981, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence in the amount of ten days for each month and pro rata for a part of a month of a sentence up to five years, and twelve days for each month and pro rata for a part of a month for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee."

the benefit of forty years worth of good time [credit], posted 'up front' . . . resulting in a reduction of 5760 days for statutory good time . . . ." The parties stipulated, and the court's memorandum of decision reflects, that the respondent "did not credit sentence three with credits that had previously been posted to [the prior two sentences]."

On May 8, 2003, the petitioner filed a habeas petition seeking a correction of his good time credit. The petitioner subsequently filed a motion for summary judgment, which, after briefing and a hearing, the court denied. The court rendered judgment denying the habeas petition and thereafter granted the petition for certification to appeal. This appeal followed.

Good time credit is a creation of legislative grace. Accordingly, we first address the statutory framework from which the petitioner's claim arises.[4] General Statutes § 18-7 provides in relevant part: "Any prisoner sentenced to a term of imprisonment prior to October 1, 1976, may, by good conduct and obedience to the rules of said institution, earn a commutation or diminution of his sentence . . . provided any serious act of misconduct or insubordination or persistent refusal to conform to institution regulations occurring at any time during his confinement in said prison shall subject the prisoner, at the discretion of the warden and the commissioner, to the loss of all or any portion of the time earned. . . . *When any prisoner is held under more than one conviction, the several terms of imprison-*

---

[4] Under General Statutes § 18-100d, "good time statutes [are] inapplicable to persons sentenced to a term of imprisonment for crimes committed on or after October 1, 1994." *Velez* v. *Commissioner of Correction*, 250 Conn. 536, 552, 738 A.2d 604 (1999). As former Chief Justice Francis McDonald observed, however, "the fact that good time has been abolished does not contradict the policy reasons underlying the good time statutes." *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 258 n.4, 756 A.2d 1264 (2000) (*McDonald, J.*, dissenting).

*ment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section. . . ."* (Emphasis added.)

In *McCarthy* v. *Commissioner of Correction*, 217 Conn. 568, 581, 575, 587 A.2d 116 (1991), our Supreme Court held that the one continuous term language of § 18-7 applies to consecutive sentences governed by § 18-7a (a).[5] The court likewise concluded in *Howard* v. *Commissioner of Correction*, 230 Conn. 17, 22, 644 A.2d 874 (1994), that the petitioner's sentences, whether consecutive or concurrent and regardless of when they had been imposed, must be treated as one continuous term for purposes of applying statutory good time credit earned under § 18-7a (c).[6] See also *Rivera* v. *Commis-*

---

[5] General Statutes § 18-7a (a) provides: "Except as provided in subsections (b) and (c) any person sentenced to a term of imprisonment, on and after October 1, 1976, and while still serving such sentence whether such sentence is for a definite, indefinite or indeterminate term, and regardless of the institution wherein the prisoner is confined may, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a commutation or diminution of his sentence in the amount of ten days for each month, and pro rata for a part of a month, of a sentence which is for not more than five years, and fifteen days for each month, and pro rata for a part of a month, for the sixth and each subsequent year of a sentence of more than five years. In the case of an indeterminate sentence, such credit shall apply to both the minimum and maximum term. In the case of an indefinite sentence, such credit shall apply to the maximum term only. Any act of misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such credit by the commissioner or his designee."

[6] General Statutes § 18-7a (c) provides: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee. In the

*sioner of Correction*, 254 Conn. 214, 236–37, 756 A.2d 1264 (2000) (aggregation requirement of § 18-7 applies to all subsections of § 18-7a); *Wilson* v. *Warden*, 34 Conn. App. 503, 509, 642 A.2d 724 (plain language of § 18-7 requires all multiple sentences be aggregated for purposes of calculating good time credit), cert. denied, 230 Conn. 908, 644 A.2d 922 (1994). In light of the foregoing, it is clear that all multiple sentences both concurrent and consecutive, whether imposed at the same time or at different times, must be aggregated for the purpose of calculating good time. It is undisputed that the petitioner was held under more than one conviction following the felony murder conviction and sentencing.

Because the present case involves a break in the petitioner's confinement, the respondent argues that aggregation is not required. The respondent has provided the court no authority for that assertion. At its essence, the respondent's argument attempts to rewrite § 18-7. Specifically, it would have us hold that aggregation is required only when a prisoner is continuously held under more than one conviction. We decline that invitation.

Our Supreme Court has stated that the "statutory language of §§ 18-7a and 18-7 is clear and unambiguous and, therefore, courts cannot, by construction, read into such statutes provisions which are not clearly stated." *Frazier* v. *Manson*, 176 Conn. 638, 642, 410 A.2d 475 (1979); see also *Nichols* v. *Warren*, 209 Conn. 191, 196, 550 A.2d 309 (1988); *Moscone* v. *Manson*, 185 Conn. 124, 133, 440 A.2d 848 (1981). Our focus is properly on the meaning of what the legislature did say, rather than what it meant to say. *Delevieleuse* v. *Manson*, 184 Conn.

event a prisoner has not yet earned sufficient good time to satisfy the good time loss, such lost good time shall be deducted from any good time earned in the future by such prisoner."

434, 438, 439 A.2d 1055 (1981). Section 18-7 requires aggregation whenever a prisoner is *held* under more than one conviction. Had the legislature intended a continuous confinement prerequisite to aggregation under § 18-7, it could have explicitly so provided. We ordinarily decline to read into statutes provisions not clearly stated; *Local 218 Steamfitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.*, 207 Conn. 639, 645, 541 A.2d 869 (1988); and we see no compelling reason to do so in this case. Thus, the break in confinement due to the petitioner's escape from furlough does not change the fact that the petitioner was held under more than one conviction once he was sentenced on the felony murder conviction.

That conclusion, however, does not end our inquiry. Section 18-7 also provides that good time credit is subject to forfeiture at the discretion of the respondent.[7] See also *Glazier* v. *Reed*, 116 Conn. 136, 139–40, 163 A. 766 (1933); *State* v. *Fiore*, 35 Conn. Sup. 544, 548, 396 A.2d 144 (App. Sess.) ("commutation or diminution of sentences has been deemed to be an administrative function properly reposed in the officers of the penal institution involved"), cert. denied, 174 Conn. 794, 382

---

[7] General Statutes § 18-7a (a), (b) and (c) contain similar provisions. General Statutes § 18-7a (a) provides in relevant part: "Any act of misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such credit by the commissioner or his designee."

General Statutes § 18-7a (b) provides in relevant part: "Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee."

General Statutes § 18-7a (c) provides in relevant part: "Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee. In the event a prisoner has not yet earned sufficient good time to satisfy the good time loss, such lost good time shall be deducted from any good time earned in the future by such prisoner."

A.2d 540 (1978). That the commission of felony murder by a prisoner within the custody of the respondent constitutes bad behavior is irrefutable. Murder is a quintessential bad act. Accordingly, a decision to forfeit the good time posted to the petitioner's prior sentences in light of such misconduct is well within the respondent's discretion.[8] At the same time, it is equally clear that a prisoner can be deprived of such credit only if offered procedural due process protection. See *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Jolley v. Commissioner of Correction*, 60 Conn. App. 560, 561, 760 A.2d 146 (2000), cert. denied, 274 Conn. 913, 879 A.2d 892 (2005).

As always, the appellant, here, the petitioner, bears the burden of providing the reviewing court with an adequate record for review. Practice Book § 61-10; see also *Daigle v. Metropolitan Property & Casualty Ins. Co.*, 257 Conn. 359, 364, 777 A.2d 681 (2001). As our Supreme Court has stated: "[I]t is incumbent upon the appellant to take the necessary steps to sustain its burden . . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [an appellant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Gordon v. H.N.S. Management Co.*, 272 Conn. 81, 101, 861 A.2d 1160 (2004).

[8] In *Rivera v. Commissioner of Correction,* supra, 254 Conn. 214, our Supreme Court envisioned, in large part, that scenario. It stated: "Because the issue raised by this appeal involves the imposition of a concurrent sentence on an inmate who already is serving time for another offense, in some such cases, the subsequent, concurrent sentence will stem from an offense committed by that inmate while he is incarcerated in connection with his earlier sentence. In such circumstances, the commissioner has the discretion to forfeit any good time that the inmate has earned. When that occurs, the inmate will have no good time to be credited toward his subsequent sentence . . . ." Id., 250 n.38.

On the record before us, we cannot discern whether a forfeiture of the petitioner's good time credit occurred, nor can we uncover whether procedural due process guarantees were complied with by the respondent in such an instance. The parties stipulated to the facts recited by the court in its memorandum of decision, which is silent as to forfeiture of good time credit. It simply states that the respondent "did not credit sentence three with credits that had previously been posted to [the prior two sentences]." We note further that the petitioner subsequently filed a motion for articulation of that decision, which had been denied, and later filed a motion for review with this court. The motion for articulation made no reference to the issue of forfeiture.[9] In addition, exhibit eight, which is the petitioner's time sheet dated March 2, 1984, merely indicates that as of that date, on which sentence three was imposed, the petitioner had 5760 days of statutory good time credit.

We recently observed that "[s]peculation and conjecture have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). Yet, to undertake a consideration of the claims presented in the petitioner's appeal would require precisely that. "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998). Because the record before us does not indicate whether a forfeiture of the petitioner's statutory good time credit occurred and, if so, whether procedural due

---

[9] The motion for articulation raised the following questions: (1) whether the petitioner discharged sentence one prior to the imposition of sentence two; (2) whether he was held under more than one conviction after his sentencing on sentence two; (3) whether he was discharged from sentence one and two prior to the imposition of sentence three; and (4) whether he was held on more than one conviction after his sentencing on sentence three.

process was provided, it is inadequate for appellate review.

The judgment is affirmed.

In this opinion the other judges concurred.