******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DELAINE BALDWIN *v.* COMMISSIONER
OF CORRECTION
(AC 38112)

DiPentima, C. J., and Alvord and West, Js.

*Argued February 16—officially released August 9, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Fuger, J.)

*James W. Caley*, assistant attorney general, with
whom were *Michael A. Martone*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general,
and *Terrence M. O'Neill*, assistant attorney general, for
the appellant (respondent).

*Delaine Baldwin*, self-represented, the appellee
(petitioner).

*Opinion*

WEST, J. Upon a grant of certification to appeal, the respondent, the Commissioner of Correction, appeals from the judgment of the habeas court granting the amended petition for a writ of habeas corpus filed by the petitioner, Delaine Baldwin. On appeal, the respondent claims that the court erred in (1) applying a heightened and improper standard of proof to determine that a prison disciplinary hearing officer's decision was constitutionally insufficient, and (2) looking to evidence beyond the scope of what was presented at the prison disciplinary hearing. We agree that the habeas court applied a heightened and improper standard of proof, and therefore, reverse the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. In 2008, the petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3), four counts of robbery in the first degree in violation of § 53a-134 (a) (4), robbery in the third degree in violation of General Statutes § 53a-136, larceny in the third degree in violation of General Statutes § 53a-124 (a) (1), larceny in the fifth degree in violation of General Statutes § 53a-125a, and failure to appear in the first degree in violation of General Statutes § 53a-172 (a). In 2009, the petitioner was convicted of robbery in the first degree in violation of § 53a-134 (a) (4). His total effective sentence is fifteen years in prison. On November 8, 2011, Correction Officer Reginald Cummings at Cheshire Correctional Institution was conducting a shakedown inspection of the petitioner's housing area and discovered a cup containing a red liquid that smelled like "pruno." Pruno is a home brewed alcoholic beverage. The petitioner denied that it was pruno and asked that it be tested. Cummings issued the petitioner a class A disciplinary report for possession of contraband in the form of an intoxicating substance and delivered it to the petitioner on the same day. A disciplinary hearing was scheduled for November 16, 2011. Prior to the hearing, the petitioner declined an advocate and listed one witness for the hearing, Orlando Flores, who provided a written statement that the petitioner always had a cup full of juice in his cell. The disciplinary hearing was held on November 16, 2011, and Captain Greg Harpin served as the disciplinary hearing officer. The petitioner was found guilty at the disciplinary hearing. At the close of the hearing, the petitioner received a written summary of the information relied upon for the finding. The petitioner was sentenced to fifteen days punitive segregation, thirty days loss of recreation, ninety days loss of phone privileges, and ten days loss of risk reduction earned credits, or good time credits.

On March 7, 2013, the petitioner filed an amended habeas petition. In his amended petition, the petitioner alleged that Cummings "falsified [disciplinary report] contraband in retaliation for [the petitioner] complain-

ing about gang of rogue guards. Guard said [the petitioner] admitted a substance was an intoxicant, [the petitioner] denied it. Without any other evidence that substance was an intoxicant, the some evidence standard [was] not met." The petitioner also claimed multiple due process violations. A habeas trial was held on June 3, 2015. Harpin testified that he found the petitioner guilty at the disciplinary hearing on the basis of the statements from officers who had experience identifying pruno. He stated that "the correctional officer that trained the correctional officers that found the juice said that it was pruno, and there was a supervisor and two other people that agreed, and [the petitioner] admitted to having the juice at the hearing."

At the conclusion of evidence, the habeas court issued its oral ruling from the bench. The court noted that when an inmate is charged in a disciplinary report, he is entitled to minimal due process that "essentially boils down to notice and an opportunity to be heard." The court found that the petitioner was provided notice of the disciplinary report and the charges he was facing, and that he was able to present evidence and deny that the substance in question was an intoxicating substance. The court then stated that this due process determination "doesn't get us all the way home yet because the key point here is whether the substance in question was or was not an intoxicating liquid." The court stated that the standard of proof required in a disciplinary hearing is "substantial evidence." The court found that "the only evidence that the substance in question was an intoxicating liquid is the correction officer who stated that the liquid smelled like an intoxicant." The court, however, went further and made findings regarding the intoxicating nature of the substance, despite the fact that no expert testimony was presented. The court stated that it "doesn't believe expert testimony is necessary because these, quite frankly, [are] matters of common knowledge." The court made the following finding: "The intoxicant in this case would have to have been ethyl alcohol, commonly abbreviated as EtOH. Now, it's common knowledge that EtOH is present in all intoxicating liquids, such as beer, wine, whiskey, bourbon, scotch, et cetera. Yet, each of those liquids has a separate and distinct odor, and the reason why they have distinct odors is because EtOH, the intoxicant, is essentially odorless. You cannot determine EtOH by smell." The court acknowledged that it did not doubt the officer's testimony that the substance in question may have smelled like pruno, but that did not mean that the substance contained EtOH. The court stated that the liquid was never tested by the respondent, or presented at the hearing, and there was no way for the officer to identify whether EtOH was present in the liquid. Thus, the court concluded that the record lacked a sufficient basis to support the disciplinary report. The court granted the habeas petition, set aside

the disciplinary report, and rendered judgment for the petitioner. The respondent then filed a motion seeking reconsideration of the order granting habeas relief. The court denied the motion. This appeal followed.

"We first set forth the applicable standard of review. When the conclusions of the habeas court are attacked on appeal, they are reviewed to determine whether they are legally and logically supported by the facts or involve an erroneous application of law materially relevant to the case." (Internal quotation marks omitted.) *Torres* v. *Commissioner of Correction*, 84 Conn. App. 113, 117, 851 A.2d 1252, cert. denied, 271 Conn. 941, 861 A.2d 517 (2004).

The respondent argues that the judgment granting the writ of habeas corpus should be reversed because the habeas court was mistaken as to the standard of proof that the respondent must meet in a disciplinary hearing. According to the respondent, the habeas court required the respondent to show that there was "substantial evidence" for the disciplinary report, although the correct standard is "some evidence." (Internal quotation marks omitted.) We agree.

"Due process is satisfied if the prison disciplinary board shows some evidence that supports the revocation of good time credit. . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." (Citation omitted; internal quotation marks omitted.) *Jolley* v. *Commissioner of Correction*, 60 Conn. App. 560, 561, 760 A.2d 146 (2000), cert. denied, 274 Conn. 913, 879 A.2d 892 (2005).

The habeas court mistakenly held the respondent to a higher standard of proof in a disciplinary hearing when it stated that the "standard requires that there be substantial evidence." The correct standard is "some evidence," as articulated by the Supreme Court of the United States and this court. See *Superintendent* v. *Hill* 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) ("[w]e hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits"); *Jolley* v. *Commissioner of Correction*, supra, 60 Conn. App. 561 ("[d]ue process is satisfied if the prison disciplinary board shows some evidence that supports the revocation of good time credit"). In this case, there was "some evidence" to uphold the finding of the disciplinary hearing officer. Harpin testified that his guilty finding was based on the testimony of numerous correction officers, including the correction officer who trained the officer who found the juice, identifying the juice as pruno. He testified that these officers are trained as to what pruno is, what it smells like, and they come in

contact with it often throughout their careers. These statements by experienced correction officers that the juice found in the petitioner's cup was pruno constitute evidence to support the findings of the disciplinary hearing officer. The habeas court acknowledged that these statements were the "only evidence" that the substance in question was an intoxicating substance. This evidence is sufficient to meet the "some evidence" standard. In *Griffin* v. *Spratt*, 969 F.2d 16, 22 (3d Cir. 1992), the Court of Appeals for the Third Circuit held that a correction officer's testimony that liquid had fermented and smelled strongly of alcohol, even though such evidence was "non-scientific," was enough to meet the "some evidence" standard required in prison disciplinary hearings. (Internal quotation marks omitted.) We agree. Further, other courts have referenced pruno's strong odor in upholding prison disciplinary hearing findings. See *Salcido* v. *Martel*, United States District Court, Docket No. CIV S-08-1025 (TJB) (E.D. Cal. September 14, 2010) ("[b]ased on the pruno's strong odor, knowledge of the alcohol's presence in the cell may be reasonably imputed to [p]etitioner"). Accordingly, the findings made by the habeas court reflect that there was "some evidence" to support the disciplinary finding.

The judgment is reversed and the case is remanded with direction to deny the petition for a writ of habeas corpus.

In this opinion the other judges concurred.