STATE OF CONNECTICUT *v.* FRANK FERRARO ET AL.

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued October 8—decided November 10, 1970

*Ira B. Grudberg,* for the appellant (named defendant).

*Robert E. Reilly,* for the appellant (defendant Orlando).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

THIM, J.   The defendants Marco Orlando and Frank Ferraro were found guilty, by a jury, of two counts of assault with intent to rob, in violation of § 53-28 of the General Statutes, and one count of burglary with personal violence in violation of § 53-69 of the General Statutes.

It is unnecessary to specify in detail the circumstances of the offenses of which they were convicted. It is sufficient to note that the state produced evidence to prove, and claimed to have proved, that on October 9, 1966, at approximately 9 p.m., the defendants and another man violently assaulted Louis Gold, Sr., and Patricia Gold, his wife, in their home in the town of Woodbridge; that while the offenses were being committed the defendants and the third man were wearing ski masks; that two of them were holding guns; that a police officer was dispatched to the scene; that the three men fled before the officer

could apprehend any of them; and that the defendants were arrested some time later.

Each defendant filed a brief in this appeal in support of the assignments of error. On a review of the entire record as presented to us we find that a decision on one assignment of error applicable to both defendants is dispositive of the appeal. It is claimed that the court erred in refusing to strike the testimony of Edward Sapienza regarding pistols and ammunition a New York City detective found in an apartment Sapienza shared with Orlando.

During the course of the trial, Sapienza was called as an alibi witness by Orlando. He testified that on October 9, 1966, the date of these crimes, he was living with Orlando in an apartment in Brooklyn, New York, and that Orlando was in the apartment during the day of October 9. He also testified that Ferraro had lived in the apartment until June or July, 1966.

On cross-examination by the state's attorney, Sapienza testified, over the objection of defense counsel, that in May, 1967, seven and one-half months after the commission of the instant crimes, a New York City detective searched his bedroom and in the ceiling of a closet the detective found pistols and ammunition and a ski mask. This testimony was admitted on the representation of the state's attorney that it would be "tied up" to this particular case. The court refused to admit testimony of the detective concerning the objects found in the ceiling of Sapienza's apartment. Testimony offered by the state in an effort to connect a pistol found in the ceiling with one used in the attack on the Golds was excluded on objection by the defendants. The state was thus unable to connect to this case the pistols and ammunition and a ski mask

found in the apartment. There being no connection, the defense requested that Sapienza's testimony be stricken, and that the jury be instructed to disregard it. The court indicated that it did not see how Sapienza's testimony had any bearing on the case and instructed counsel not to make any comments on the matter, or to argue it to the jury. The court declined to strike the testimony and deferred ruling on the request to charge the jury. After the charge, the defendants excepted to the court's failure to charge the jury concerning Sapienza's testimony.

There was nothing in the record nor in the evidence contained in the appendices to the briefs to suggest that the guns, ammunition and a ski mask found in the apartment occupied by Orlando had any connection with the present case. Because the state did not meet the condition on which to justify the admission of evidence as to the pistols, ammunition and a ski mask found in Sapienza's apartment, and because its admission against these two defendants was not justified on any other grounds suggested in the record for its admission, the court erred in denying the motion to strike the testimony of Sapienza. *State* v. *Johnson,* 160 Conn. 28, 32, 273 A.2d 702; *State* v. *Buonomo,* 87 Conn. 285, 292, 87 A. 977.

The question, therefore, is whether the error was harmful. "Any improper evidence that may have a tendency to excite the passions, awaken the sympathy, or influence the judgment, of the jury, cannot be considered as harmless." *State* v. *Loughlin,* 149 Conn. 21, 26, 175 A.2d 367. Here, the jury had before them evidence that the defendants had been living in an apartment where pistols, ammunition and a ski mask were found by the police concealed in the ceiling above a closet. At the very least the jury could

have believed that these defendants were violent individuals. The inflammatory nature of the testimony may well have affected the jury's judgment.

In addition to being highly inflammatory, the retention of the testimony in the record, and the refusal to instruct the jury to disregard it, combined to permit the jury to indulge in guess, surmise and speculation.

In order for a jury properly to draw an inference from facts proved, those inferences must be reasonably and logically drawn. *Palmieri v. Macero,* 146 Conn. 705, 708, 155 A.2d 750. Here, the inference might be that the paraphernalia found in the apartment were used in the attack on the Golds. Since there was no connecting evidence, such an inference would be neither reasonable nor logical.

A conclusion must not be based on guess or speculation. *Bruce v. McElhannon,* 141 Conn. 44, 48, 103 A.2d 335; *Lemmon v. Paterson Construction Co.,* 137 Conn. 158, 162, 75 A.2d 385; *White v. Herbst,* 128 Conn. 659, 661, 25 A.2d 68. In the present case any connection between the paraphernalia found in the apartment and that used in perpetrating the crime would be based on guess, surmise or speculation, and thus improper.

Due to the nature of the admitted testimony, the likelihood of its use by the jury was great. The error cannot, therefore, be said to be harmless. The testimony should have been stricken and the jury should have been instructed that it be disregarded.

There is error as to both defendants, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.