STATE OF CONNECTICUT *v.* SAMUEL DUNBAR
(AC 17143)

Lavery, Spear and Daly, Js.

Argued September 17—officially released December 22, 1998

*Christian Young* and *Deborah Stevenson*, certified legal interns, with whom was *G. Douglas Nash*, public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph J. Harry*, assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of carrying a pistol without a permit in violation of General Statutes § 29-35 (a). On appeal, the defendant claims that the trial court improperly (1) denied his motion for judgment of acquittal at the close of the state's evidence, (2) allowed the state to reopen its case-in-chief to present additional

evidence and (3) denied his request to redact a prejudicial statement from a defense exhibit. Although the first claim attacks the sufficiency of the evidence, the waiver rule precludes review. The second claim also raises a question as to the sufficiency of the evidence, but we conclude that it is without merit. We agree with the defendant's third claim and, accordingly, reverse the judgment.

The jury reasonably could have found the following facts. On July 5, 1996, Detective Juan Gonzalez of the Bridgeport police department and Trooper James Craig of the state police were patrolling the Stratford Avenue area of Bridgeport in an unmarked car. They were searching for a wanted felon, Roland McLellon, who was also known as "Cobra." The officers had a description and a photograph of McLellon. The officers saw the defendant walking down Stratford Avenue and, mistaking him for McLellon, called for backup in preparation to stop and arrest the defendant. After two uniformed officers arrived, the four officers approached the defendant, who was standing alone on the sidewalk.

Approximately seven to ten feet away from the defendant, two men sat in a parked car. There were no other parked cars in the immediate area. As the officers approached the defendant, they saw him reach into his pocket and remove something that resembled a handgun. The defendant wrapped it in a T-shirt and threw it into the open window of the parked car. Gonzalez retrieved the T-shirt, which did contain a handgun. The defendant was eventually arrested and subsequently convicted of possession of a handgun without a permit. This appeal followed.

I

The defendant first claims that the trial court improperly denied his motion for judgment of acquittal that was made at the close of the state's evidence. He claims

that the state failed to present sufficient evidence from which the jury could find that he did not have a permit to carry a gun. The state rested without offering a proposed stipulation that the defendant did not possess a pistol permit.[1] After the trial court denied the motion for judgment of acquittal, the defendant presented evidence. By doing so, the defendant subjected his sufficiency claim to the operation of the waiver rule.

"Under the existing rules, when a defendant elects to put on evidence after a denial of his motion for judgment of acquittal at the end of the state's evidence, he is deemed to have waived his right to appellate review as to the sufficiency of the evidence at the completion of the state's case. *State* v. *Booker*, 28 Conn. App. 34, 41–42, 611 A.2d 878, cert. denied, 223 Conn. 919, 614 A.2d 826 (1992); *State* v. *Kari*, 26 Conn. App. 286, 291, 600 A.2d 1374 (1991), appeal dismissed, 222 Conn. 539, 608 A.2d 92 (1992)." *State* v. *Wolff*, 29 Conn. App. 524, 527, 616 A.2d 1143 (1992).[2] Although the

---

[1] Defense counsel's offer to stipulate was made in the following colloquy:

"[Assistant State's Attorney]: Also, Your Honor, to cut some of the witnesses out, [defense counsel] has informed me that he's going to stipulate that there is no gun permit in existence for the defendant. . . .

"The Court: Is there any stipulation, [defense counsel], with regard to any of the facts claimed by the state?

"[Defense Counsel]: We will—we're prepared to stipulate, Your Honor, to the nonexistence of a pistol permit, but I'm not going to stipulate to the—

"The Court: To anything else.

"[Defense Counsel]:—any nonoperability . . . .

"The Court: All right. So, that's the only fact you will stipulate to in this case?

"[Defense Counsel]: Yes, Your Honor.

"The Court: All right.

"[Defense Counsel]: Prepared to do that at the close of evidence if [the state] offers that stipulation, the defense is prepared to agree to it."

[2] The waiver rule does not preclude a defendant from challenging the sufficiency of the evidence as presented in the entire case. Here, the defendant did not move for a judgment of acquittal at the close of all the evidence, nor does he seek a review of the sufficiency of all the evidence pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). If the sufficiency question were before us, we would conclude that the evidence was sufficient to convict.

waiver rule has received much criticism, it is still in effect and, therefore, we decline to review this claim. See *State* v. *Rutan*, 194 Conn. 438, 440, 479 A.2d 1209 (1984).

## II

The defendant's next claim is that the trial court improperly granted the state's motion to reopen its case after the denial of the motion for judgment of acquittal. We disagree.

Certain additional facts are necessary to our resolution of this issue. Prior to the opening of evidence, the state notified the trial court that it was prepared to call two witnesses to establish that the defendant did not possess a permit to carry a handgun. Defense counsel notified the court that he was prepared to stipulate to the nonexistence of a permit if the state offered the stipulation at the close of evidence.

In reliance on the defendant's offer to stipulate, the state did not call the two witnesses to establish that the defendant did not possess a permit. The state failed, however, to offer the proposed stipulation at the close of its case-in-chief. The state did call Gonzalez who testified that he asked the defendant if he had a pistol permit and that the defendant never produced a permit. In addition, Gonzalez testified that the defendant was detained and after "it was determined that he didn't have a pistol permit," he was arrested. After denying the defendant's motion for judgment of acquittal made at the close of the state's case-in-chief, the trial court granted the state's motion to reopen its case to offer the stipulation.

The defendant asserts that this issue is controlled by *State* v. *Allen*, 205 Conn. 370, 533 A.2d 559 (1987). We disagree. In *Allen*, the state failed to offer *any* evidence on the length of the barrel of the pistol, an essential

element of the crime charged. The defendant moved for a judgment of acquittal at the close of the state's case, claiming that the evidence was insufficient on that element. The state argued, and the trial court agreed, that the length of the barrel was not a material element of the crime and denied the defendant's motion. The following day, the state moved to reopen its case to present evidence on the length of the barrel of the firearm. Over the defendant's objection, the trial court allowed the state to reopen its case. Our Supreme Court reversed the trial court's judgment of conviction on the weapons charge and directed a judgment of acquittal, holding that a trial court abuses its discretion by reopening the state's case "when the state has failed to make out a prima facie case because insufficient evidence has been introduced concerning an essential element of a crime and the defendant has specifically identified this evidentiary gap in a motion for judgment of acquittal . . . ." *State* v. *Allen,* supra, 205 Conn. 385.

The *Allen* case is inapposite because the present case differs from it in two critical respects. First, the state conceded in *Allen* that by failing to offer any evidence to prove an essential element of the crime, it had failed to make out a prima facie case. Under those circumstances, the defendant was entitled to a judgment of acquittal, and reopening the case was an abuse of the court's discretion. In the present case, however, the state disputed the defendant's claim of insufficient evidence on the issue of a pistol permit. The state claimed that the jury could infer that the defendant did not have a permit because evidence of the defendant's felony conviction was presented and a felon is not authorized to receive a permit to carry a firearm. In addition, the state's first witness, Gonzalez, testified that he asked the defendant if he had a permit and that no permit was ever received from, given or offered by the defendant. When, as in this case, the trial court implicitly ruled

that the state had established a prima facie case by denying the defendant's motion for judgment of acquittal, the trial court's decision to reopen was within its discretion. *State* v. *Zoravali*, 34 Conn. App. 428, 443, 641 A.2d 796, cert. denied, 230 Conn. 906, 644 A.2d 921 (1994). The trial court's implicit conclusion that the state had made out a prima facie case is not subject to review as discussed in part I of this opinion. "If the trial court had ruled that a prima facie case had not been made, then reopening the state's case would have been an abuse of discretion. *State* v. *Allen,* supra, [205 Conn.] 385." *State v. Zoravali,* supra, 442–43.

"The decision to reopen a criminal case to add further testimony lies within the sound discretion of the trial court. *State* v. *Carter,* [228 Conn. 412, 420, 636 A.2d 821 (1994)]. The trial judge's discretion, which is a legal discretion, should be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . Id., 421, quoting *State* v. *McKnight,* 191 Conn. 564, 576–77, 469 A.2d 397 (1983). The purpose of this discretion is to preserve the fundamental integrity of the trial's truth-finding function. *State* v. *Carter,* supra, 426. The trial court's discretion will be reversed only upon manifest abuse of discretion or injustice. *Ostolaza* v. *Warden,* 26 Conn. App. 758, 778, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992)." (Internal quotation marks omitted.) *State v. Zoravali,* supra, 34 Conn. App. 442.

The second way in which *Allen* is distinguishable is that here the state was aware of and was prepared to prove the essential element that is at issue. Our Supreme Court's holding that it is an abuse of discretion for a trial court to allow the state to reopen its case to fill an evidentiary gap "specifically identified . . . [by the defendant] in a motion for judgment of acquittal"; *State* v. *Allen,* supra, 205 Conn. 385; was based on the conclu-

sion that "allowing the state to reopen its case-in-chief after the defendant has identified its shortcomings was fundamentally unfair to the defendant . . . ." Id., 383–84. This fundamental unfairness does not exist here. The defendant did not alert the state to the evidentiary gap. The state was prepared to prove the lack of a permit through the testimony of two witnesses prior to the defendant's offer to stipulate to that fact.

Moreover, the defendant offered to stipulate "at the close of evidence." It was reasonable for the state to believe that "at the close of evidence" meant at the close of all the evidence, not at the close of the state's case. " '[I]f a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is a serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided.' " *Wood* v. *Bridgeport*, 216 Conn. 604, 606, 583 A.2d 124 (1990), quoting *Hauser* v. *Fairfield*, 126 Conn. 240, 242, 10 A.2d 689 (1940). The trial court specifically found that the stipulation was inadvertently not offered into evidence, and it properly allowed the state to reopen its case.[3]

### III

The defendant next claims that the trial court improperly denied his motion to redact a police incident report introduced into evidence during his cross-examination of Gonzalez. We agree.

Certain additional facts are necessary to our resolution of this claim. The trial court admitted the police

---

[3] The trial court stated: "In the interest of justice, this court was required to exercise its discretion accordingly since no substantial prejudice would occur in allowing the state to correct this mere inadvertence, which is what I find it to be. And the trial judge's discretion should be exercised in a manner not to impede or defeat the ends of substantial justice. Substantial justice includes fairness to the state as well as to [the defendant]."

report as a full exhibit for the defense after redacting certain references to statements made by the defendant after his arrest, but before he was given *Miranda* warnings. After further cross-examination, defense counsel asked that the last paragraph of the report be redacted because it stated that the defendant had been arrested the previous day for "weapon charges by a convicted felon" and that the arrest bond had been raised by an additional $50,000. The trial court granted the defendant's request to redact the statement, finding that its prejudicial effect outweighed any probative value.[4]

After the state had rested and just prior to the defendant's resting, defense counsel made another motion to redact a portion of the police incident report. A notation on the bottom of the second page stated that "Mr. Dunbar has numerous felony arrests and convictions and is listed as a convicted felon. He was also arrested yesterday 7-4-96 for weapon violation." The defendant asked that those statements be redacted in accordance with the court's prior ruling. The court ruled that "[t]he request to redact any further item from the defendant's exhibit[s] is denied. The ruling that I made was based upon the fact that not only did the officer not make the entry, but more importantly, that it had nothing to do with raising his bond. So, that was really what I was addressing and that's all I believe the language was that I redacted."

---

[1] The trial court stated: "The issues that are going to be resolved in this trial have absolutely no bearing upon the statement, and I'll just for the record read it: 'Samuel Dunbar's bond was raised an additional $50,000 per Lieutenant Brian McCarthy in relation to arrest on 7/4/96, which were similar weapon charges by a convicted felon.' I believe that allowing it to stand notwithstanding that [the state is] correct, by the way, but this is a judgment call I have to make as the trial judge, allowing it to stand in there does not assist the state or hurt the state by removing it in any way, shape or form in the issues to be tried, and I think that allowing the jury to see that would be highly prejudicial to the defendant and outweighs any probative value that it has. As a matter of fact, the court also finds that it's totally irrelevant to this trial and for those reasons I will allow it to be redacted."

The following day, defense counsel asked the court to reconsider his request to redact the statements on page two of the incident report. The trial court asked defense counsel to provide any authority that would allow the court, after the state had rested, to redact the report. The trial court stated, "I don't believe that I have the authority to exercise my discretion as you're requesting. . . . But, I'd have to deny your request again. There's nothing that you presented today different from what you presented the last time, and believe you me, I've considered the equities involved here. The equities have to go both sides, the state as well as to yourself. So that, your request is denied."

## A

The defendant initially claims that the trial court improperly failed to exercise its discretion and that such failure mandates a reversal of the defendant's conviction. He further claims that, if we conclude that the trial court in fact exercised its discretion, it abused that discretion because the prejudice engendered by the evidence far outweighed any probative value. The state claims that the trial court did exercise its discretion and balanced the competing interests in arriving at a proper decision. We conclude that the trial court did exercise its discretion but that the denial of the defendant's request was an abuse of discretion.

The trial court is bound to determine the admissibility of evidence. "The admissibility of . . . evidence must be entrusted to the sound discretion of the trial judge. *State* v. *Tucker*, 181 Conn. 406, 416, 435 A.2d 986 (1980)." *State* v. *Bell*, 188 Conn. 406, 413, 450 A.2d 356 (1982). This duty is not discharged at the close of the state's evidence, but remains throughout the evidence phase of trial. The trial court has broad discretion to determine the admissibility of evidence. *Paige* v. *St. Andrew's*

*Roman Catholic Church Corp.*, 247 Conn. 24, 37, 718 A.2d 425 (1998).

While the trial court stated that it did not believe that it had discretion to redact the incident report, a closer review of the context in which that statement was made reveals that the trial court did, in fact, exercise its discretion. When first asked to redact the report, the trial court denied the request because the challenged portions were not covered by its prior ruling. When asked to reconsider the request, the trial court stated that the defendant had not provided it with any additional authority than was presented the previous day. In addition, the trial court stated, "I've considered the equities involved here. The equities have to go both sides, the state as well as to yourself." We conclude that the trial court did exercise its discretion in denying the defendant's request.

B

We next address whether the trial court abused its discretion. The defendant claims that the statement should have been excluded because it was highly prejudicial and irrelevant. We agree.

It is well settled that "[t]he trial court's ruling on the admissibility of evidence is entitled to great deference. *State* v. *Castonguay*, 218 Conn. 486, 497, 590 A.2d 901 (1991); *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . *State* v. *Coleman*, 241 Conn. 784, 789, 699 A.2d 91 (1997). Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion

and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Hines*, 243 Conn. 796, 801, 709 A.2d 522 (1998).

"In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . *Simmons* v. *Simmons*, 244 Conn. 158, 175, 708 A.2d 949 (1998). Although relevant, evidence may be excluded by the trial court if the court determines that the prejudicial effect of the evidence outweighs its probative value. *Berry* v. *Loiseau*, 223 Conn. 786, 804, 614 A.2d 414 (1992); *Russell* v. *Dean Witter Reynolds, Inc.*, 200 Conn. 172, 191–92, 510 A.2d 972 (1986). *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky*, 231 Conn. 168, 193, 646 A.2d 195 (1994)." (Internal quotation marks omitted.) *Fahey* v. *Safeco Ins. Co. of America*, 49 Conn. App. 306, 320–21, 714 A.2d 686 (1998).

"As a general rule, evidence of a defendant's prior crimes or misconduct is not admissible. . . . We have, however, recognized exceptions to the general rule if the purpose for which the evidence is offered is to prove intent, identity, malice, motive, a system of criminal activity or the elements of a crime. . . . To determine whether evidence of prior misconduct falls within an exception to the general rule prohibiting its admission, we have adopted a two-pronged analysis. . . . First, the evidence must be relevant and material to at least one of the circumstances encompassed by the exceptions. Second, the probative value of such evidence must outweigh the prejudicial effect of the other crime evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Oliver*, 48 Conn. App. 41, 49–50, 708 A.2d 594, cert. denied, 244 Conn. 930, 711 A.2d 729 (1998).

The state contends that the challenged evidence fits an exception to the general rule because it was probative of the defendant's motive.[5] The state argues that the defendant's felony convictions and recent arrest on a weapons charge tended to explain why he discarded the gun when the officers approached him. The state does not explain why a person with a felony record and recent arrest would be more motivated to rid himself of a gun that he possessed illegally than someone who possessed a gun illegally but had no felony record or recent arrest on a weapons charge. Even if we accept the state's claim, this evidence has such marginal probative value that it is clearly outweighed by the prejudice that it engendered.

Our Supreme Court has specified four situations where prejudice to the defendant may outweigh the probative value of evidence: "(1) where the facts offered may unduly arouse the jury's emotions, hostility or sympathy, (2) where the proof and answering evidence it provokes may create a side issue that will unduly distract the jury from the main issues, (3) where the evidence offered and the counterproof will consume an undue amount of time, and (4) where the defendant, having no reasonable ground to anticipate the evidence, is unfairly surprised and unprepared to meet it." *State* v. *DeMatteo*, 186 Conn. 696, 702–703, 443 A.2d 915 (1982).

The circumstances here fit into the first category because the evidence at issue may well have unduly aroused the jurors' emotions and hostilities. This evidence painted the defendant as a recidivist who flouted the law by carrying a gun illegally only one day after

---

[5] In its brief, the state also claims that the evidence fits within an exception to the general rule because it explained the crime by setting the context for the crime charged. This claim was not made to the trial court and undoubtedly was not a basis for the court's refusal to redact the statements. The state simply asserts that claim without any analysis as to how the evidence was relevant or probative. We find the claim to be without merit.

his arrest on a similar charge. Such evidence invited the jury to conclude that if he did it before, he did it this time also. This was especially so because the trial court gave no instructions to the jury as to how it could use the evidence.

The state contends that even if the trial court improperly refused to redact the challenged evidence, the error was harmless in light of the overwhelming evidence of guilt. Because the parties stipulated that the defendant did not possess a permit to carry a pistol, the only contested matter was whether the defendant actually had the gun on his person. The officers testified that they saw the defendant discard the pistol. The defendant did not testify but his two witnesses testified that they were on the scene and did not see the defendant in possession of a pistol, nor did they see the defendant discard a pistol. Those witnesses also contradicted the officers' testimony in other respects. The prejudicial evidence may well have tipped the scales in favor of the state on the possession issue and therein lies the prejudice.

Moreover, our Supreme Court "has consistently indicated that [a]ny improper evidence that may have a tendency to excite the passions, awaken the sympathy, or influence the judgment of the jury, cannot be considered as harmless." (Internal quotation marks omitted.) *State* v. *Girolamo*, 197 Conn. 201, 206–207, 496 A.2d 948 (1985); see also *State* v. *Ferraro*, 160 Conn. 42, 45, 273 A.2d 694 (1970); *State* v. *McNellis*, 15 Conn. App. 416, 436, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).

We conclude that the prejudicial effect of the evidence that the trial court refused to redact so clearly outweighs any minimal probative value that such refusal was an abuse of the court's discretion.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.